VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
700 SOUTH FLOWER STREET, 22nd FLOOR
LOS ANGELES, CALIFORNIA 90017-4209
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

**KEITH G. WILEMAN, State Bar No. 111225**
**kwileman@veatchfirm.com**
**XIAOYI YAO, State Bar No. 261290**
**syao@veatchfirm.com**
Attorneys for **Defendant, WILLIAM FIKHMAN**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIVO PER LEI, INC., a NEVADA corporation<br><br>Plaintiff,<br><br>vs.<br><br>GADI BRUCHIM, an individual, WILLIAM FIKHMAN, an individual, AMAZON.COM, INC., a Delaware Corporation, and Does 1-10, inclusive<br><br>Defendants. | **CASE NO.: CV11-05169GW(JCGX)**<br><br>**DEFENDANT WILLIAM FIKHMAN'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Proposed Order]<br><br>**DATE :January 23, 2012**<br>**TIME :8:30 a.m.**<br>**DEPT :"10"**<br><br>**COMPLAINT FILED : 06/21/2011**<br>**TRIAL DATE : NONE SET** |

TO THE COURT, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 23, 2012, at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom "10" of the above entitled court, located at 312 North Spring Street, Los Angeles, CA, Defendant WILLIAM FIKHMAN ("Defendant") will, and hereby does move the Court pursuant to Rule

12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss the Third Amended Complaint ("TAC") of Plaintiff VIVO PER LEI, INC. ("Plaintiff").

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 1, 2011, and will be based on the following grounds:

1. The cause of action for copyright infringement fails to allege that Defendant used any copyrightable text on Plaintiff's website.

2. The cause of action for trademark infringement fails to allege a likelihood of confusion by Defendant's conduct and is barred by the "first sale" doctrine.

3. The cause of action for false designation of origin and false representation fails to allege any false statement by Defendant.

4. The state law cause of action for unfair business practices is equally flawed as the Lanham Act claims or preempted by the Copyright Act.

This motion is and will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and upon such additional authorities and arguments as may properly be presented to the Court at or before the time of the hearing hereon.

DATED: December 6, 2011

Respectfully submitted,

**VEATCH CARLSON, LLP**

By: /s/ Xiaoyi Yao
**KEITH G. WILEMAN**
**XIAOYI YAO**
Attorneys for **Defendant WILLIAM FIKHMAN**

I:\WP\12638876\MTN-MTD TAC.wpd

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

According to the Third Amended Complaint ("TAC"), Plaintiff Vivo Per Lei, Inc. ("Plaintiff") manufactures beauty and skin care products, including moisturizers, masks, serums, creams, and cleansers, under the logo "OROGOLD," to which Plaintiff owns a federally registered trademark. Plaintiff distributes its Orogold products through its own specialty stores, website, and third party distributors and resellers, who agree, *inter alia*, not to resell these products in a wholesale fashion.

Defendant William Fikhman ("Defendant") is a California resident who operates an Amazon.com storefront under the name "Super Duper Deals." The TAC alleges Defendant sold Orogold products through his Amazon store, which products Defendant allegedly purchased from one of Plaintiff's distributors or resellers, who is further claimed sold the products to Defendant in violation of its agreement with Plaintiff.

Seeking to eliminate any "diversion" to unauthorized resellers, Plaintiff brings this action against Defendant for trademark infringement, notwithstanding the fact that Defendant is alleged to have done nothing with the Orogold mark other than reselling genuine Orogold products bearing a true Orogold mark. Plaintiff also accuses Defendant of false advertising under the Lanham Act and California *Bus. & Prof. Code* §17500, but fails to plead any false statement made by Defendant.

In addition, Plaintiff alleges that Defendant utilized the photographs and text appeared on Plaintiff's website in connection with his resale of Orogold products on his Amazon store, and is therefore liable for copyright infringement. In the original complaint, Plaintiff, however, failed to allege that any purported creative work was registered with the Copyright Office, a precondition for bringing an infringement action under the Copyright Act.

Purporting to cure the registration deficiency, Plaintiff has filed three amended pleadings, in which the meritless trademark infringement and false advertising

allegations remain unchanged. The sole amendments are the additional allegations that the photographs and text of Plaintiff's website are now purportedly registered with the Copyright Office. Registration alone, however, fails to salvage the copyright claim, where Defendant's Amazon storefront has simply not used any copyrightable text on Plaintiff's website.

## ARGUMENT

### I. THE LEGAL STANDARD FOR RULE 12(b)(6).

Rule 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* In other words, the allegations must be plausible on the face of the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct.1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (Citations and internal quotations omitted).

### II. THE FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT FAILS TO ALLEGE COPYING OF THE SUBJECT TEXT.

To establish copyright infringement, a plaintiff must plead and prove: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff in this action alleges that Defendant has infringed Plaintiff's copyrights in the photographs and text appeared on its website. The TAC, however,

fails to show that such text was used by Defendant. The only text on Defendant's storefront were the names of the Orogold products, according to Exhibit "D," pp. 78-80, which are alleged to be printouts of web pages of Defendant's Amazon storefront, Super Duper Deals. Pages 90-99 of Exhibit "D" are plainly printouts of web pages of Amazon, as the title "AMAZON LISTINGS" speaks for itself, for which Defendant cannot be hold responsible. The names of the Orogold products are, however, uncopyrightable subject matter, and therefore cannot be the basis of infringement.

To be copyrightable, a work must meet the requirement of originality. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). Originality means independent creation plus ***some minimal level of creativity***. *Id.* at 345. The amount of creativity required is not high, but "it is not negligible." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003); *Feist Publ'ns, Inc.*, 499 U.S. at 346 (explaining that "originality requires independent creation plus a modicum of creativity"). No copyright protection is accorded to a work "in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." *Urantia Found. v. Maaherra*, 114 F.3d 955, 959 (9th Cir. 1997) (quoting *Feist Publ'ns, Inc.*, 499 U.S. at 359; quotation marks omitted).

Examples of such uncopyrightable work are listed in 37 CFR §202.1, which include "[w]ords and short phrases such as ***names***, titles, and slogans; familiar symbols or designs; mere variations of typographic ornamentation, lettering or coloring; ***mere listing of ingredients or contents***." 37 CFR §202.1(a) (emphasis added).

Accordingly, a product name or a mere description of the content of a product is simply uncopyrightable. *Planesi v. Peters*, 2005 U.S. App. LEXIS 17425 (9th Cir. 2005) (the name of Plaintiff's board game is not entitled to copyright protection); *Ets-Hokin v. Skyy Spirits*, 225 F.3d 1068, 1080-1081 (9th Cir. 2000) ("relating to commercial prints and labels: [b]rand names, trade names, slogans, and other short phrases or expressions cannot be copyrighted, even if they are distinctively arranged

or printed") (quotation marks omitted), citing *Nimmer* § 2.08[G][2], at 2-136; *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 545 (2d Cir. 1959) (descriptive text on product label not copyrightable).

Here, the only text Defendant allegedly used on its Amazon storefront were the names of the Orogold products, which consisted of the trade name Orogold and a mere description of the content of the product, for example, "Oro Gold 24K Gold Anti-Aging Eye Serum." As the Code and case law have made clear, such names are simply not subject to copyright protection. Since these uncopyrightable names were the only text of Plaintiff's website allegedly "copied" by Defendant, Plaintiff's copyright infringement claim based on its website text is unsustainable.

## III. THE SECOND CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT IS DEFEATED BY THE FIRST SALE DOCTRINE.

Plaintiff alleges that Defendant's resale of Orogold products through an Amazon.com storefront was without Plaintiff's authorization, and therefore infringed Plaintiff's property rights in its federally registered trademark "OROGOLD." Accordingly, Plaintiff purports to bring a cause of action for trademark infringement under the Lanham Act. However, as Defendant merely sold genuine, unaltered Orogold products, which Plaintiff concedes, there is simply no actionable trademark infringement claim under the first sale doctrine. *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073 (9th Cir. 1995).

The facts here mirror those in *Sebastian*, where the plaintiff/trademark holder improperly attempted to control the downstream distribution of its products by bringing a trademark infringement claim against "unauthorized" resellers. *Id.* at 1075. In *Sebastian*, plaintiff allegedly sold its Sebastian products only to "salons and distributors who [we]re members of the [Sebastian Collective Membership Program] and ha[d] agreed not to resell to non-Collective members like [defendant]." *Id.* at 1074. The defendant *Longs Drug* nonetheless purchased and resold Sebastian products. *Id.* The court found that defendant "presumably purchased Sebastian

products from a salon or distributor who [sold] the product to [defendant] in violation of its agreement with Sebastian." *Id.*

Plaintiff in *Sebastian* alleged that defendant's unauthorized resale constituted trademark infringement. *Id.* The district court granted preliminary injunction for plaintiff. The Ninth Circuit court disagreed. In reversing, the Ninth Circuit found defendant's resale was protected by the first sale doctrine, and it was therefore not liable for trademark infringement as a matter of law. *Id.*

In so holding, the Ninth Circuit court stated:

> courts have consistently held that, with certain well-defined exceptions, the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product. ***Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition***.

(Emphasis added).

The court found plaintiff there, in an attempt to eliminate "diversion to unauthorized retailers," had sought to "avoid the first sale rule," which the court found unwarranted. *Id.* at 1075 (internal quotations omitted).

The court rejected plaintiff's claim that defendant's resale had "in fact confused consumers into believing falsely that there [wa]s some type of affiliation, association, or approval between [defendant] and [plaintiff]," finding:

> [Plaintiff's] premise is false. The "first sale" rule is not rendered inapplicable merely because consumers erroneously believe the reseller is affiliated with or authorized by the producer. It is the essence of the "first sale" doctrine that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act. ***When a purchaser resells a trademarked article under the producer's trademark, and nothing more, there is no actionable misrepresentation***

***under the statute*.**

*Id.* (Emphasis added).

The Ninth Circuit has thus made clear that the mere resale of genuine products is not trademark infringement, regardless lack of consent from the marker owner. *See also NEC Elecs. v. Cal Circuit ABCO*, 810 F.2d 1506, 1509 (9th Cir. 1987) (the first sale doctrine limits the producer's power to control the resale of "genuine goods bearing a true mark even though such sale is without the mark owner's consent."); *Denbicare U.S.A. v. Toys "R" Us*, 84 F.3d 1143, 1151 (9th Cir. 1996) ([defendant's] resale of the diapers would not in itself infringe [plaintiff]'s trademark."); *Chanel Inc. v. Pacini*, 2008 U.S. Dist. LEXIS 120583 (N.D. Cal. 2008) ("a distributor who resells trademarked goods without change is not liable for trademark infringement."); *Conwest Res., Inc. v. Playtime Novelties, Inc.*, 2006 U.S. Dist. LEXIS 85461 (N.D. Cal. 2006) ("Defendants allegedly continue to sell products which bear Plaintiff's mark, [but] they are, in fact, Plaintiff's products. Plaintiff does not contend that Defendants have changed or repackaged the products in any way.")

The Ninth Circuit precedents dictate that Plaintiff's trademark infringement claim must fail. As Plaintiff itself concedes, Defendant merely resold genuine, unaltered Orogold products. (TAC, p. 5, heading "Defendants Unauthorized Sales of Orogold Products.") Such resale, regardless lack of consent of Plaintiff, is simply shielded from liability under the first sale doctrine.

To be clear, the term "Unauthorized Products" Plaintiff uses in the TAC merely refers to Orogold products sold without Plaintiff's consent. (TAC, p. 6, ¶19). It does not imply that the products themselves were in any way different from genuine Orogold products. Nowhere in the TAC does Plaintiff allege that Defendant altered the Orogold products or even their packages in any way.

///

///

///

## IV. THE SECOND CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT MUST BE DISMISSED ON THE ADDITIONAL GROUND OF FAILURE TO ALLEGE LIKELIHOOD OF CONFUSION.

As an additional ground for dismissal, Plaintiff has also failed to plead facts to show a likelihood of confusion to support a cause of action for trademark infringement. 15 U.S.C. §1114 which governs trademark infringement claims provides, in pertinent part, as follows:

> (1) Any person who shall, without the consent of the registrant--
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is ***likely to cause confusion, or to cause mistake, or to deceive***
>
> ... shall be liable in a civil action ....

(Emphasis added).

Accordingly, to prevail on a claim of trademark infringement under the Lanham Act, a plaintiff must plead and prove that it "holds a protectable mark, and that the alleged infringer's imitating mark is similar enough to cause confusion, or to cause mistake, or to deceive." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005).

Plaintiff fails to allege that Defendant's resale of Orogold products was likely to cause confusion, or to cause mistake, or to deceive. Nor would the facts imply the same, as confusion simply does not exist where, as here, a defendant sells genuine Orogold products bearing a true Orogold mark. *See NEC Elecs., supra*, 810 F.2d at 1509 ("Trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold.") For this additional reason, Plaintiff's trademark infringement claim cannot survive a Rule 12(b)(6) challenge.

**V. THE THIRD CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION FAILS TO ALLEGE ANY FALSE STATEMENT BY DEFENDANT.**

Section 43 of the Lanham Act, 15 U.S.C §1125 (a), is the vehicle for the assertion of two distinct types of "unfair competition": infringement of unregistered marks under §1125(a)(1)(A), and false advertising under §1125(a)(1)(B). *5 J. McCarthy on Trademarks and Unfair Competition*, §27:10, 27-23 (2011). To the extend that Plaintiff alleges a duplicative infringement claim under §1125(a)(1)(A), such claim is unsustainable for reasons set forth in sections III and IV. 15 U.S.C. §1125 (a)(1)(B), which governs false advertising claims, provides, in pertinent part, as follows:

> (a) Civil action. (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or ***any false designation of origin, false or misleading description of fact, or false or misleading representation of fact***, which--
>
> ... (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

(Emphasis added).

To prevail on a claim under 15 U.S.C. §1125 (a)(1)(B), a plaintiff must plead and prove:

> (1) ***a false statement of fact*** by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence

> the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. [Citations].

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (emphasis added).

To demonstrate falsity within the meaning of the Lanham Act, a plaintiff must show that "the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Id*.

Plaintiff here has not pleaded any false statement. Plaintiff merely accuses Defendant of reselling its products without its consent, but fails to allege that Defendant made any false statement in connection with such resales. Instead, Plaintiff erroneously alleges that the resale in itself is sufficient for such claim. (TAC, p. 13, ¶60). Without any false statement, however, there can be no viable action of false advertising under the Lanham Act.

## VI. THE STATE LAW CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES SUFFERS THE SAME FATE AS THE LANHAM ACT CLAIMS OR IS PREEMPTED BY THE COPYRIGHT ACT.

The Ninth Circuit has held that claims brought under California unfair competition law are "substantially congruent" to claims brought under the Lanham Act, because the ultimate test under both is whether the public is likely to be deceived or confused. *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994). As such, where the Lanham Act claims fail, courts have consistently found the related California unfair competition claims also fail. *Appliance Recycling Ctrs. of Am., Inc. v. JACO Envtl., Inc.*, 378 Fed. Appx. 652, 656 (9th Cir. 2010) ("the 'substantially congruent' state claim failed on the merits" where the related federal claim failed.);

*Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 875 (9th Cir. 2002) (“[Plaintiff]’s California unfair competition claim fails because its related Lanham Act claims fail.”); *Denbicare U.S.A. v. Toys "R" Us*, 84 F.3d 1143, 1152 (9th Cir. 1996) (dismissal of plaintiff's §17200 and §17500 claims were proper since plaintiff's Lanham Act claim was properly dismissed.)

Here, Plaintiff brings a claim for unfair business practices under *Cal.Bus. & Prof. Code* §§17200 and 17500, alleging nothing but Defendant’s resale of genuine, unaltered Orogold products, the same purported wrongdoing upon which Plaintiff bases its Lanham Act claims. Since Plaintiff has failed to properly plead the related Lanham Act claims, Plaintiff’s California unfair business practices claim is equally flawed.

To the extent that Plaintiff’s state law claim relies on the copyright infringement allegations, such claim is deemed preempted by the Copyright Act. *Ryan v. Editions Ltd. West, Inc.*, 417 Fed. Appx. 699, 701 (9th Cir. 2011) (“The Copyright Act therefore preempts [plaintiff’s] unfair competition claim.”); *Jules Jordan Video, Inc. v. 144942 Canada Inc.,* 617 F.3d 1146, 1154-1155 (9th Cir. 2010) (If a plaintiff asserts a state claim that is the equivalent of a claim for infringement of a copyrightable work, that state claim is preempted).

**CONCLUSION**

For the forgoing reasons, Defendant respectfully requests that the Court grant this Motion to Dismiss in its entirety without leave to amend.

DATED: December 6, 2011

Respectfully submitted,

**VEATCH CARLSON, LLP**

By: /s/ Xiaoyi Yao
**KEITH G. WILEMAN**
**XIAOYI YAO**
Attorneys for Defendant
WILLIAM FIKHMAN

**CERTIFICATE OF SERVICE**

I hereby certify the following: I am over the age of 18 years and am not a party to the above-captioned action. I am a registered user of the CM/ECF system for the United States District Court for the Southern District of California.

On December 6, 2011, I electronically filed the foregoing **DEFENDANT WILLIAM FIKHMAN'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action is registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Xiaoyi Yao
XIAOYI YAO, 261290