VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
700 SOUTH FLOWER STREET, 22nd FLOOR
LOS ANGELES, CALIFORNIA 90017-4209
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

**KEITH G. WILEMAN, State Bar No. 111225**
**kwileman@veatchfirm.com**
**XIAOYI YAO, State Bar No. 261290**
**syao@veatchfirm.com**
Attorneys for **Defendant, WILLIAM FIKHMAN**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVO PER LEI, INC., a NEVADA corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GADI BRUCHIM, an individual, WILLIAM FIKHMAN, an individual, AMAZON.COM, INC., a Delaware Corporation, and Does 1-10, inclusive<br><br>Defendants. | CASE NO.: CV11-05169GW(JCGX)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT WILLIAM FIKHMAN IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>DATE      : January 23, 2012<br>TIME      : 8:30 a.m.<br>DEPT      : "10"<br><br>COMPLAINT FILED  : 06/21/2011<br>TRIAL DATE       : NONE SET |

Defendant WILLIAM FIKHMAN ("Defendant") hereby respectfully submits the following Memorandum of Points and Authorities in Reply to the Opposition of Plaintiff VIVO PER LEI, INC. ("Plaintiff") to Defendant's Motion to Dismiss the Third Amended Complaint ("TAC"):

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In this action where Plaintiff attempts to control the downstream distribution of its Orogold products in order to maximize its profits, Plaintiff purports to hold Defendant reseller liable for trademark infringement, notwithstanding that Defendant merely resold genuine Orogold products that bore the true Orogold mark, the precise conduct protected by the "First Sale" rule. Defendant accordingly moved to dismiss the trademark infringement claim. In opposition, Plaintiff argues that Defendant is nonetheless liable under a false advertising exception to the "First Sale" rule, claiming that Defendant falsely advertised an affiliation with Plaintiff in connection with such resale. The TAC, however, contains no allegation of such false advertising.

Defendant also moved to dismiss the copyright claim on the ground that the TAC fails to allege any text uploaded by Defendant other than the names of the Orogold products, which are not subject to copyright protection under the nominative fair use doctrine. In the opposition, Plaintiff does not dispute that the product names cannot be the subject of infringement. Instead, it contends that Defendant did at one time upload certain text to his Amazon storefront, only that such text was subsequently *removed* before the commencement of the litigation. The TAC, however, mentions no such text. Further, the TAC expressly states that the infringing text "was *never removed*." Consequently, the copyright claim should be dismissed.

As such, Plaintiff's opposition is entirely untenable, and Defendant's motion to dismiss should therefore be granted in its entirety without leave to file a fourth amended complaint.

## ARGUMENT

### I. PLAINTIFF'S REPLY CONFIRMS THAT THE TAC FAILS TO ALLEGE COPYING OF THE SUBJECT TEXT BY DEFENDANT.

Plaintiff accuses Defendant of copying both the photographs and text of Plaintiff's website. As Defendant contends in his motion, the only text on

FIKHMAN'S REPLY TO VIVO'S OPPOSITION TO MOTION TO DISMISS

1  Defendant's storefront are the names of the Orogold products, as Exhibit "D" plainly
2  shows, and which are, however, uncopyrightable and therefore cannot be the subject
3  of infringement. (Exhibit "D" to TAC, Doc. #41-4, pp. 78-80). Defendant further
4  contends that pages 90-99 of Exhibit "D" are printouts of web pages of Amazon, not
5  his storefront, and the TAC alleges nothing to hold him responsible for those pages.
6  (Exhibit "D" to TAC, Doc. #41-4, pp. 90-99). In the opposition, Plaintiff disputes
7  neither contention.

8      Instead, Plaintiff purports that Defendant did at one time upload certain text to
9  his Amazon storefront, only that such text was subsequently *removed* before the
10 commencement of the litigation. (Opposition, Doc. #46, p. 8:26-28). Such text is,
11 however, not at issue for infringement. The TAC has no mention of such text.
12 Further, the TAC clearly states that "the content" at issue for infringement "was ***never***
13 ***removed***" (TAC, Doc. #41, ¶22, emphasis added), therefore expressly excluding the
14 purported text Plaintiff relies on in the opposition.

15     In addition, by conceding that text uploaded by Defendant had been removed
16 before this litigation, Plaintiff makes further plain that none of the text on pages 90-99
17 of Exhibit "D" was uploaded by Defendant. Holding Defendant liable for same would
18 be clearly groundless.

19 **II.**     **THE TAC FAILS TO ALLEGE FALSE ADVERTISING BY**
20     **DEFENDANT.**

21     In the opposition, Plaintiff purports that Defendant is liable under a false
22 advertising exception to the "First Sale" rule, accusing that Defendant misrepresented
23 an affiliation with Plaintiff in advertising his resale of the Orogold products.
24 (Opposition, Doc. #46, sections III and IV). Plaintiff cites three cases for support:
25 *John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F. Supp. 2d 462 (S.D.N.Y.
26 2000); *Graham Webb Int'l Ltd.Partnership v. Emporium Drug Mart*, 916 F. Supp. 909
27 (E.D. Ark. 1995), and *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073
28 (9th Cir. 1995). None of these cases supports Plaintiff's proposition.

*John* is plainly inapposite. In *John*, plaintiff moved for preliminary injunction restraining defendant distributor from reselling plaintiff's hair care products. *John Paul Mitchell Sys., supra*, 106 F. Supp. 2d 462, 466. The motion was based on two grounds: "(1) tortious interference with contract and (2) replevin." *Id.* As such, *John* was simply not a trademark action, which the New York district court correctly noted in denying the motion: "This motion does not involve an accusation of trademark infringement and the integrity of [the] trademark is not at issue." *Id.* at 475. Plaintiff's reference to *John* is thus entirely unfounded.

Plaintiff's reliance of *Graham Webb* and *Sebastian* is also misplaced, where both findings were to the contrary. More specifically, the Arkansas district court in *Graham Webb* held that the mere stocking and resale of plaintiff's products was not actionable under the Lanham Act:

> ... there is no likelihood of confusion arising from [defendant's] actions since it is merely placing on its shelves and selling [plaintiff's hair care] products which are virtually identical, from a consumer's perspective, to [plaintiff's] products available through authorized salons.

*Graham Webb Int'l Ltd.Partnership, supra*, 916 F. Supp. 909, 914.

Similarly, the Ninth Circuit court in *Sebastian* held:

> Nothing in the record suggests that [defendant drug store] did anything more than stock and resell genuine Sebastian products lawfully acquired on the open market under the true Sebastian trademark - the precise conduct excluded from the Lanham Act by the "First Sale" rule.

*Sebastian Int'l, Inc., supra,* 53 F.3d 1073, 1076.

In so holding, the court in *Sebastian* specifically distinguished plaintiff's cases where false advertising was found: *Bandag, Inc. v. Al Bolser's Tire Stores*, 750 F.2d 903 (Fed. Cir. 1984); and *Stormor, a Div. of Fuqua Indus. v. Johnson*, 587 F. Supp.

275 (W.D. Mich. 1984). *Id.* The court found in those two cases, the reseller's conduct went beyond the mere resale of the trademarked goods:

> In *Bandag*, the reseller used the producer's trademark in a telephone directory advertisement in such a way as to suggest the reseller was one of the producer's franchisees, [citation]; in *Stormor* the reseller displayed the producer's trademark in the reseller's booth at a trade show and in a trade journal advertisement, and stamped the reseller's name on the producer's promotional literature and used it to advertise the resale of the producer's products by the reseller, [citation].

*Id.* at 1076.

Those types of facts are simply not present in this case. As in *Sebastian* and *Graham Webb*, here all Defendant did was putting Orogold products on his Amazon storefront and offering them for sale. Neither the TAC nor the opposition alleges any advertising by Defendant in connection with such resale, let alone any false advertising. As Exhibit "D" speaks for itself, Defendant's Amazon storefront, the only place where Plaintiff's mark is alleged to have been used by Defendant, contains nothing but a bare list of products, which in and of itself, fails to constitute misrepresentation. *Sebastian Int'l, Inc., supra,* 53 F.3d 1073, 1076; *Graham Webb Int'l Ltd.Partnership, supra*, 916 F. Supp. 909, 917; and *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*, 988 F.2d 587, 593 (5th Cir. 1993) ("we are unwilling to find misrepresentation in the mere act of putting a manufacturer's product on one's shelf and offering it for sale.")

Absent misrepresentation by defendant, even if the resale "has in fact confused customers into believing falsely that there is some type of affiliation, association or approval between [defendant] and [plaintiff]," defendant is nonetheless not liable for such confusion:

> ***The "first sale" rule is not rendered inapplicable merely because***

*consumers erroneously believe the reseller is affiliated with or authorized by the producer*. It is the essence of the "first sale" doctrine that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act. When a purchaser resells a trademarked article under the producer's trademark, and nothing more, there is no actionable misrepresentation under the statute.

*Sebastian Int'l, Inc., supra,* 53 F.3d 1073, 1075-1076 (quotation marks omitted, emphasis added).

Accordingly, Plaintiff's false advertising contention is entirely meritless. The claim of trademark infringement must therefore be dismissed pursuant to the "First Sale" rule without further leave to amend.

### III. PLAINTIFF'S §43(a) CLAIM IS A DUPLICATE INFRINGEMENT CLAIM.

Section 43 of the Lanham Act, 15 U.S.C. §1125 (a), is the vehicle for the assertion of two distinct types of "unfair competition": infringement of unregistered marks under §1125(a)(1)(A), and false advertising under §1125(a)(1)(B). *5 J. McCarthy on Trademarks and Unfair Competition,* §27:10, 27-23 (2011). Plaintiff makes clear in its opposition that it claims "infringement," not "false advertising" under §43(a), which is duplicative of the infringement claim under 15 U.S.C. §1114, and equally flawed.

### IV. THE STATE LAW UNFAIR COMPETITION CLAIM SUFFERS THE SAME FATE AS THE LANHAM ACT CLAIMS OR IS PREEMPTED BY THE COPYRIGHT ACT.

Plaintiff's state law claim of unfair competition alleges nothing but the purported unauthorized resale of the Orogold products, the same alleged wrongdoing upon which Plaintiff's Lanham Act claims base. As such, the state law claim is

1 deemed "substantially congruent" to the Lanham Act claims. *Cleary v. News Corp.*, 30
2 F.3d 1255, 1262-63 (9th Cir. 1994).  Where, as here, the Lanham Act claims fail, the
3 related California unfair competition claim must also fail. *Appliance Recycling Ctrs.*
4 *of Am., Inc. v. JACO Envtl., Inc.*, 378 Fed. Appx. 652, 656 (9th Cir. 2010).

    No state law claim may lie for those allegations in connection with Plaintiff's copyrights, as such claim is preempted by the Copyright Act. *Ryan v. Editions Ltd. West, Inc.*, 417 Fed. Appx. 699, 701 (9th Cir. 2011) ("The Copyright Act therefore preempts [plaintiff's] unfair competition claim."); *Jules Jordan Video, Inc. v. 144942 Canada Inc.,* 617 F.3d 1146, 1154-1155 (9th Cir. 2010) (If a plaintiff asserts a state claim that is the equivalent of a claim for infringement of a copyrightable work, that state claim is preempted).

## CONCLUSION

    For the forgoing reasons and the reasons set forth in Defendant's Motion, Defendant respectfully requests that the Court grant his Motion to Dismiss in its entirety without leave to amend.

DATED: January 9, 2012                    Respectfully submitted,

                                            **VEATCH CARLSON, LLP**

By:    /s/ Xiaoyi Yao
      **KEITH G. WILEMAN**
      **XIAOYI YAO**
      Attorneys for Defendant
      WILLIAM FIKHMAN

FIKHMAN'S REPLY TO VIVO'S OPPOSITION TO MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I hereby certify the following: I am over the age of 18 years and am not a party to the above-captioned action. I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

On January 9, 2012, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT WILLIAM FIKHMAN IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action is registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Xiaoyi Yao
XIAOYI YAO, 261290