# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-5169-GW(JCGx) | Date | January 23, 2012 |
| Title | Vivo Per Lei, Inc. v. Gadi Bruchim, et al. | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Jeremy Peter Smith                                       Deepa Talmar
                                                                      Keith G. Wileman
                                                                      Sherry Yao
                                                                      Kollin J. Zimmerman
                                                                      Timothy L. Skelton

**PROCEEDINGS:**   DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (filed 12/01/11);

DEFENDANT WILLIAM FIKHMAN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT (filed 12/06/11)

The tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants' motions are **GRANTED WITH LEAVE TO AMEND.** Plaintiff will have until February 6, 2012 to **manually** file the Fourth Amended Complaint.

A Scheduling Conference is set for **February 16, 2012 at 8:30 a.m.** Joint Scheduling Report will be filed by noon on February 14, 2012.

                                                                                                                    :     04

                                                                        Initials of Preparer     JG

<u>*Vivo Per Lei, Inc. v. Bruchim, et al.*</u>, Case No. CV-11-5169
Tentative Rulings on: (1) Defendant Amazon.com, Inc.'s Partial Motion to Dismiss Plaintiff's Third Amended Complaint and (2) Defendant William Fikhman's Motion to Dismiss Third Amended Complaint

**I. Background**

On November 14, 2011, Vivo Per Lei, Inc. ("Vivo") filed a Third Amended Complaint ("TAC") against Gadi Bruchim, William Fikhman and Amazon.com, Inc. ("Amazon"), asserting claims for copyright infringement; trademark infringement under the Lanham Act, 15 U.S.C. § 1114; false designation of origin and false representation, 15 U.S.C. § 1125(a); and unfair business practices, Cal. Bus. & Prof. Code §§ 17200, 17500. Vivo manufactures, sells and distributes beauty and skin care products, including moisturizers, masks, serums, creams, and cleansers under the trademark "OROGOLD" (collectively referred to as "the Orogold Product(s)"). *See* TAC ¶ 9. At least one such trademark is registered. *See id.* ¶ 10 & Exh. A. Vivo also holds a registered copyright in certain images/photographs of the Orogold Products. *See id.* ¶ 11 & Exh. F. Vivo also owns content on a website, www.orogoldcosmetics.com, including the previously-mentioned photographs, all of which it also asserts constitute original and copyrightable subject matter, and as to which it also maintains a registered copyright. *See id.* ¶ 12 & Exh. E.

Vivo has "strict distribution arrangements" with certain authorized resellers and licensees. *See id.* ¶ 17. Those resellers/licensees may not "sublicense or delegate their rights, nor resell to customers in a wholesale fashion unless expressly granted such permission by Vivo." *Id.*

The defendants herein allegedly induce Vivo's authorized resellers to violate their distribution agreements and contracts with Vivo by selling Orogold products to the defendants for their own resale. *See id.* ¶¶ 18-19. Bruchim and Fikhman operate "storefronts" on Amazon's website. *See id.* ¶¶ 4-5. Although Vivo has never authorized any of the defendants to use its trademarks, photographs and the content on its website, they have nevertheless used that material for purposes of conducting sales of Orogold Products from the "storefronts," including sales fulfilled directly by Amazon. *See id.* ¶¶ 16, 20, 28-29.

1

Following correspondence between the parties, Amazon removed certain photographs, but not others, and did not remove the content of Vivo's website that the defendants were using. *See id.* ¶ 22. Thereafter, Bruchim and Fikhman "reuploaded" the photographs, which then appeared again on both the storefronts and Amazon's own storefront pages. *See id.* ¶ 23.

Plaintiff's copyright infringement claim concerns both its photographs and the content from its website. *See id.* ¶¶ 38, 41. Its California Business and Professions Code claim encompasses both the alleged copyright and trademark violations. *See id.* ¶¶ 66-68.

Amazon and Fikhman now separately move to dismiss the TAC.[1]

## II. Analysis

### A. Rule 12(b)(6) Standards

Under Fed. R. Civ. Pro. 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pled factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Similarly, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556, 570; *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

---

[1] In assessing these motions, the Court will not consider the sur-replies Vivo filed on January 17, 2012, nor the responses to those sur-replies filed the following day. Such additional filings require prior court approval.

2

In its consideration of the motion, the court is limited to the allegations on the face of the Complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion"); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson*, 534 F.3d at 1121-22; *see also Twombly*, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

B. Copyright

Both Fikhman and Amazon argue that the text they are allegedly using without authorization is non-copyrightable. Fikhman also argues that much of it appears only on web pages associated with Amazon, not his own storefront. Neither moving defendant, however, addresses Vivo's registered copyright in its photographs. "A Rule 12(b)(6) motion cannot be used to challenge just certain allegations within a claim while the underlying claim is not itself challenged." Schwarzer, Tashima, et al., <u>California Practice Guide: Federal Civil Procedure Before Trial</u> (2011) § 9:188.1, at 9-58. Because at least the *photograph* aspect of Vivo's claim would survive this motion to dismiss regardless of what approach the Court took to the *text*-based arguments, a motion to dismiss is improper here.[2] The Court whould therefore deny both motions insofar as they relate to Vivo's copyright infringement claim.

---

[2] Any defendant should feel free to file an appropriate motion for summary adjudication according to the normal rules for such motions. Although in the past the Court might have considered the text-based copyright infringement argument to be an implicit motion to strike, the Ninth Circuit has circumscribed the

3

C. Trademark

Both Amazon and Fikhman argue that Vivo's section 1114 claim[3] under the Lanham Act is barred by the "first sale" doctrine because they were allegedly selling genuine products. They also argue that there could be no consumer confusion because they are selling the genuine article, using the actual marks.

Under the "first sale" or "exhaustion" doctrine, "a distributor who resells branded goods without change is not an 'infringer' and thus needs no 'license.'" 4 McCarthy on Trademarks and Unfair Competition (2010) § 25:41, at 25-110. Thus, "the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product. Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition." *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir.); *NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent."). "The reason behind the rule 'is that trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion *ordinarily* does not exist when a genuine article bearing a true mark is sold.'" *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998) (emphasis added).

*Sebastian* is essentially on all fours with this case, at least as it is currently pled. There, a manufacturer of hair care products attempted to enjoin a retailer's sale of such products when the retailer had itself apparently purchased them from someone who sold them in violation of an agreement with the manufacturer. See *Sebastian*, 53 F.3d at 1074. A purchaser's simple stocking and resale of the genuine article, the Ninth Circuit concluded, did not violate the Lanham Act. *See id.* at 1074-77 & n.3.

---

proper scope of a Fed. R. Civ. P. 12(f) motion. See *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010).

[3] Fikhman's motion expresses confusion about whether Vivo's second trademark claim, under 15 U.S.C. § 1125(a), is for infringement/false designation of origin under subsection 1125(a)(1)(A) or is instead for false advertising under subsection 1125(a)(1)(B). In its opposition to Fikhman's motion, Vivo appears to concede that its section 1125 claim is an infringement claim subject to the same analysis as its section 1114 claim. The resolution of the two trademark claims on this motion will therefore be the same.

4

>Contrary to one of Vivo's arguments, "[t]he 'first sale' rule is not rendered inapplicable merely because consumers erroneously believe the reseller is affiliated with or authorized by the producer." *Id.* at 1076.
>
>>It is the essence of the "first sale" doctrine that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act. When a purchaser resells a trademarked article under the producer's trademark, and nothing more, there is no actionable misrepresentation under the statute.
>
>*Id.* The *Sebastian* opinion did admit to there being "certain well-defined exceptions" to this "first sale" rule, but it did not indicate what those exceptions were.[4] Vivo suggests that this case fits within one of those exceptions because defendants are doing something more than simply "stocking, displaying, and reselling." *See id.* at 1076 ("[C]onduct by the reseller other than merely stocking and reselling genuine trademarked products may be sufficient to support a cause of action for infringement."); *see also* 4 McCarthy on Trademarks and Unfair Competition (2010) § 25:43, at 25-128-30.[5] If they are, those allegations[6] are not in the TAC, and it is to those allegations that the Court is limited

---

[4] Amazon correctly notes that Vivo does not attempt to proceed by way of a "quality control" exception to the first sale doctrine. In terms of "quality control," this element looks not to whether the trademark holder had the ability to continue to exercise control over the product bearing the trademark, but instead to whether further distribution of the product met the mark holder's quality control standards. *See Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1087 (9th Cir. 1998) (quoting *Warner-Lambert Co. v. Northside Dev. Corp.*, 86 F.3d 3, 6 (2d Cir. 1996)).

[5] Presumably, the consumer confusion necessary for an infringement claim is (or at least could be) present when a reseller is in fact doing the "something more" than simply stocking, displaying, and selling the genuine article. Otherwise, *Sebastian*'s recognition of such an exception would be somewhat meaningless given its other comments about a consumer's erroneous belief in affiliation. No party addresses (either in the TAC or in any brief) the possibility of post-purchase confusion, as addressed in *Au-Tomotive Gold Inc. v. Volkswagen of America, Inc.*, 603 F.3d 1133, 1135-39 (9th Cir. 2010).

[6] Amazon attempts to cut any advertising-related allegations off at the pass by asserting that it would constitute nominative fair use. Given the fact that such allegations are not yet before the Court, it need not definitively resolve that contention just yet. However, there appear to be at least two defects in the argument: 1) it does not account for *Sebastian*'s recognition of an advertising-based exception to the "first sale" doctrine; and 2) by citing *New Kids on the Block v. News America Publishing, Inc.*, 971 F.2d 302 (9th Cir. 1992) and *Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, 638 F.3d 1137 (9th Cir. 2011), among other cases, Amazon appears to be confusing situations where the use of the trademark in the advertising itself is said to be an infringement with the "something more" necessary to make actionable the sale of genuine trademarked products that would otherwise be protected by the "first sale" doctrine.

when assessing these motions.[7]

At least Amazon believes that Vivo should not be given an opportunity to amend around the "first sale" doctrine because it is already on its Third Amended Complaint. However, as it appears that no court[8] has ever passed upon the sufficiency of any of the various iterations of the complaint herein, the mere fact that Vivo is already on its Third Amended Complaint is no reason to preclude it from attempting to amend. To the extent that this would require an extension of other dates in the case, that is a permissible necessary step.

### D. Business & Professions Code

If the Lanham Act claims fail, so too does Vivo's claim under sections 17200 and 17500 of California's Business and Professions Code. *See Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1084 n.1 (9th Cir. 1998); *Denbicare U.S.A. Inc. v. Toys R Us, Inc.*, 84 F.3d 1143, 1152-53 (9th Cir. 1996). Yet, because the Court would give Vivo leave to amend its Lanham Act claims, the Business and Professions Code claim would likewise be dismissed[9] with leave to amend.

## III. Conclusion

The Court would deny the motions to the extent they seek dismissal of Vivo's first claim for relief, or some part thereof. It would otherwise grant the motions, with leave to amend.

---

[7] Vivo's conclusory and non-factual use of the word "advertising" in paragraphs 52, 61 and 68 of the TAC is insufficient to withstand analysis under *Twombly* and *Iqbal*. If it were sufficient to withstand that analysis, given the limited allegations in the remainder of the TAC the Court would have to interpret it to refer to the "advertising" that necessarily consists of simply displaying the products for sale on Amazon and the "storefronts." That form of "advertising" would be no different from what was present in *Sebastian* and consequently could not preclude dismissal. *See, e.g.*, 4 McCarthy on Trademarks and Unfair Competition (2010) § 25:43, at 25-129-30 ("[T]he unauthorized retail sale of a product in a type of outlet that the manufacturer does not approve does not per se create a false impression that the retailer is an authorized dealer.").

[8] The matter was originally assigned to the Honorable Valerie Baker Fairbank.

[9] The claim would be *dismissed* (with leave to amend) because if Vivo elects not to amend, all that it would be left with as a basis for its Business and Professions Code claim would be the copyright infringement-based allegations. *See* TAC ¶¶ 66-68. A Business and Professions Code claim founded upon copyright infringement would be preempted. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212-13 (9th Cir. 1998); *Norse v. Henry Holt & Co.*, 991 F.2d 563, 568 (9th Cir. 1993); *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150-51 (9th Cir. 2008); *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1143-44 (9th Cir. 2006).