ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
KOLLIN J. ZIMMERMANN (SBN 273092)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: aanderson@rmkb.com
tskelton@rmkb.com
kzimmermann@rmkb.com

Attorneys for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVO PER LEI, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>GADI BRUCHIM, an individual; WILLIAM FIKHMAN, an individual; AMAZON.COM, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  11cv05169 GW (JCGx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT<br><br>**Courtroom: 10**<br><br>Judge: George H. Wu<br>Magistrate: Jay C. Gandhi |

RC1/6355225.2/EKC

## I. INTRODUCTION

**WHEREAS**, in the course of this litigation disclosure will be sought of information which a party or third party regards as being of a confidential and/or proprietary nature, including, but not limited to, financial and other business information; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential or proprietary information in this action;

**IT IS HEREBY STIPULATED** that the following protective order shall govern the disclosure of confidential and/or proprietary information provided in discovery in this action by any party or third party.

## II. GOOD CAUSE STATEMENT:

In this case, Plaintiff Vivo Per Lei, Inc. manufactures Orogold products and Defendant Amazon.com resells the Orogold products after purchasing them from distributors. Defendant Bruchim is an individual who has sold Orogold products on the Amazon.com website. Plaintiff alleges that defendants have infringed its trademarks and copyrights in connection with the sale of Orogold products.

The discovery in this case may call for each side to reveal the quantity of its sales, its strategies for trademarks and marketing, and information regarding customers and other third parties. Further, each side will likely be required to provide information regarding its revenues, costs, and profits. A disclosing party would be put at an unfair competitive disadvantage if it were required to reveal these matters to a direct or potential competitor.

Further, the documents to be exchanged in this case contain certain information that may implicate the right to privacy or trade secret privileges with respect to third parties such as the parties' vendors, customers, and employees. The parties wish to protect these third parties from unwarranted intrusion into their privacy and finances, and from potentially disclosing third party financial information and trade secrets.

RC1/6355225.2/EKC

- 1 -

Finally, it is likely that Amazon.com will be required to disclose certain information about its advertising methodologies and practices. Amazon.com would be harmed if this information were to be made available to its competitors.

### III. DEFINITIONS.

The following definitions apply in this protective order:

A. The designation "CONFIDENTIAL" may be applied by a party or third party to any type of information which constitutes, contains, reveals or reflects proprietary or confidential financial, business, personnel or related information such as matters involving the rights to privacy of third parties such as customer, vendors, and employees, and proprietary business information known to the other party but not known by the general public (such as the identity of certain mutual customers). The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed to earnestly be Confidential within the meaning of this Stipulated Protective Order. All involved in making such designation shall act in good faith, and such designation shall not be made to impose burden or delay on an opposing party, for tactical or other advantage in litigation, or in order to avoid embarrassment. Information designated as "Confidential" in accordance with this provision shall be treated as Confidential Information until it ceases to be covered by this Stipulated Protective Order.

B. The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be applied by a party or third party to any type of information which constitutes, contains, reveals or reflects proprietary or confidential, financial, business, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only, including, but not limited to sources of supply, intermediate vendors such as customs brokers and shippers, financial information such as profits and losses, sales figures, rates and procedures for

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

importation, and customer identities and purchasing habits and technical trade secrets. This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Stipulated Protective Order.

    C.    "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above.

    D.    "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

    E.    "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

    F.    "Order" means this Protective Order.

    G.    "Counsel" means outside counsel of record in this action, including all attorneys and employees of their respective law firms.

## IV. TERMS OF THE PROTECTIVE ORDER.

### A. Materials Subject to Designation.

All depositions, originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents, materials, tangible things and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") may be designated by the party or a nonparty producing the Information in conformity with the definitions set forth above.

### B. Treatment of "Confidential -- Attorneys Only" Information.

Except as provided in Paragraphs D, E and O below, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information

RC1/6355225.2/EKC      - 3 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than Counsel for a party and court reporters, their staffs and professional vendors to whom disclosure is reasonably necessary for this litigation. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

C. **Treatment of "Confidential" Information.**

Except as provided in Paragraphs D, E and O below, documents designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than : (i) Counsel for a party , (ii) court reporters their staffs and professional vendors to whom disclosure is reasonably necessary for this litigation, (iii) the parties to this action and their current employees, and (iv) third-party witnesses who Counsel for a party believe have knowledge which would be reasonably calculated to lead to the discovery of admissible evidence. Before disclosure to any person or entity in categories (iii) or (iv) above, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

D. **Outside Experts and Consultants.**

Documents designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this action, provided that before

disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written agreement in the form attached hereto as Exhibit A. The foregoing notwithstanding, any such expert or consultant who is an employee of a competitor of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and any such expert or consultant who is an employee of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

E. **Request for Additional Disclosure.**

If any counsel of record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs B, C, and D any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that counsel of record shall first obtain the written consent of the designating party through such party's counsel of record or obtain leave of Court to do so. Each person other than those permitted under Paragraphs B, C, and D to whom the Confidential Information is to be given, shown, made available or communicated must execute a written confidentiality agreement, in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs B, C, and D.

F. **Record of Disclosure.**

A file shall be maintained by the Counsel making a disclosure to third parties including experts of all written agreements signed by persons to whom materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" have been given. A copy of each such agreement shall be sent to Counsel for the designating party within five (5) days of disclosure, and said file

shall be made available for inspection and copying by opposing counsel upon written request.

### G. Manner of Designating Documents.

A party shall designate documents containing Confidential Information by placing a legend in plain view on each page of any document that party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," as appropriate. A designation of Confidential Information as to any thing of which inspection or sample has been requested shall be made by placing a "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties. All documents and things shall be marked prior to the provision of a physical copy thereof to the other party. Alternatively, documents may be made available for an initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected.

### H. Initial Failure to Designate Information.

The initial failure to designate Information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward. If such Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Information,

advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A.

### I. Manner of Designating Depositions.

In the case of a deposition, counsel for such party may, at the commencement of or during such deposition, temporarily designate the entire deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the final transcript, shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" those pages of the transcript as such party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other party in writing which pages are deemed Confidential Information. In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating party thereafter notifies the other party that the failure to timely designate occurred by oversight, in accordance with Section H above.

### J. Court Reporters.

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject to the provisions hereof.

K.  **Filing Documents With The Court.**

All information designated as Confidential Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information shall be filed or lodged in accordance with the procedures stated in Local Rule 79-5.

Upon default of the filing or lodging party properly to designate Confidential Information and file or lodge such information in accordance with this Order, any party who in good faith believes that designation and filing under seal is required may do so within five days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties. Nothing in this provision relieves a party of liability for damages caused by failure to properly file such information under seal. This provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

L.  **No Effect On Party's Own Use.**

Nothing contained in this Order shall affect the right of a party to disclose or to use as it desires any information designated and produced by it as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

M.  **No Effect On Disclosure to Author or Addressees.**

Nothing contained in this Order shall affect the right of a party to disclose any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

N.  **No Applicability to Public Information.**

The restrictions on dissemination of confidential information shall not apply to (i) information which prior to disclosure hereunder is either in the possession or knowledge of an inspecting party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through

an act or omission of a party receiving the confidential information.

O.  **No Applicability to the Court or Court Personnel.**

The restrictions in this Order on receipt or dissemination of confidential information shall not apply to the Court or to Court personnel.

P.  **Legal Effect of Designations.**

The designation by a party of any document, material or information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains confidential information.  Failure to so designate any document or thing shall not constitute a waiver of any claim by a party that such documents or things do contain proprietary information, and/or confidential information.

Q.  **Final Disposition of Action.** *The parties shall take up the handling of confidential info at trial with*

~~Once the case proceeds to trial, any document, material or information~~ *the* designated under this Protective Order as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" introduced at trial will be presumptively *bench* available to all members of the public, including the press, unless good cause is *officer* shown to the district judge in advance of the trial to proceed otherwise. With *who may* respect to any document, material or information designated under this Protective *preside at* Order as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or *the* "CONFIDENTIAL" and **not** introduced at trial, within 60 days after the final *trial.* disposition of this action, including appeals, each counsel of record shall, upon the request of a party: (a) promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the ~~designating party that such destruction has been done.~~ As

~~an exception to the above, counsel of record may retain a single-file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto. The copy of these retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.~~

**R.  Motion For Relief From Designation.**

If, subsequent to a party's receipt of information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating party in writing, providing its reasons for challenging the designation.

The designating party shall then notify the objecting party in writing of the bases for the asserted designation within five (5) business days after receiving such written objection from the objecting party. The parties shall then confer in good faith in an effort to informally resolve the validity of the designating party's designation within ten (10) business days after the objecting party has received the designating party's notice of the bases for the asserted designation. Counsel for either party can grant an extension of time for this conference as mutually agreed upon by counsel for the parties.

If the dispute is not so resolved after fifteen (15) business days after notice of objection, the objecting party may bring a noticed motion in accordance with Local Rules 37-1 and 37-2 to be relieved of its obligations under this Order as to any such Information. The producing party bears the burden of proof that any designated material meets the requirements for such designation. The material shall in all respects be treated as Confidential Information from the time of original designation until the Court has determined the issue.

### S. Modification of Order.

This Order shall not prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court. The parties agree to abide by the terms of this order even before the Court approves it. If for some reason the Court does not approve it, the parties will confer in good faith as to how to handle information exchanged to date.

### T. Submitting to Jurisdiction of the Court.

Each person to whom disclosure of any designated Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of contempt proceedings in the event of any violation of this Order.

### U. Violation of Order.

In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law. The parties and any other person subject to the terms of this Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Order. In the event that any confidential information is disclosed by a receiving party in violation of this order, the confidential information shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

//

//

## V. Subpoena in Another Action.

Nothing in this order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**IT IS SO ORDERED.**

DATED: 3·20·2012

Hon. Jay C. Gandhi
United States Magistrate

Stipulated and consented to by:

                    Law Offices of Jeremy P. Smith

DATED: March 20, 2012    By: /s/ Jeremy P. Smith
                                        Jeremy P. Smith
                                        Attorney for Plaintiff,
                                        VIVO PER LEI, INC.

                    Ropers, Majeski, Kohn & Bentley

DATED: March 20, 2012    By: /s/ Kollin J. Zimmermann
                                          Allan E. Anderson
                                        Timothy L. Skelton
                                        Kollin J. Zimmermann
                                        Attorneys for Defendant
                                        AMAZON.COM, INC.

                    SoCal IP Law Group LLP

DATED: March 20, 2012    By: /s/ Michael D. Harris
                                          Michael D. Harris
                                        Attorneys for Defendant
                                        GADI BRUCHIM

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____ , declare under penalty of perjury that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order ("Order") in the matter of *Vivo Per Lei, Inc. v. Amazon.com, Inc.* in the United States District Court, Central District of California, Civil Action No. 11cv05169 GW (JCGx) and agree that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Order, and agree to be bound by the terms and conditions of the Order.

I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____   Signed: _____

_____
(print name)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles